Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2971 | **DATE** | 2/12/2002 |
| **CASE TITLE** | FACILITEC CORP., et al vs. GREASE STOPPER, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendant Great Southern Steam Cleaning of Central Florida, Inc.'s motion to dismiss for lack of personal jurisidiction[9-1] and hereby terminates it as a party in this case.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 13 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 02 FEB 12 PM 7:38 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FACILITEC CORPORATION, and ECOLAB, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 01 C 2971<br>) Judge Ronald A. Guzmán<br>) |
| GREASE STOPPER, INC., and GREAT SOUTHERN STEAM CLEANING OF CENTRAL FLORIDA, INC. | )<br>)<br>)<br>) |
| Defendants. | ) |

DOCKET
FEB 1 3 2002

## MEMORANDUM OPINION AND ORDER

Facilitec Corp. and Ecolab, Inc. have sued Grease Stopper Inc. and Great Southern Steam Cleaning of Central Florida, Inc. ("GSSCCF") for patent infringement. GSSCCF has moved to dismiss the complaint for lack of personal jurisdiction pursuant to FED. R. CIV. P. ("Rule") 12(b)(2). The Court has granted the parties leave to conduct limited discovery with regard to the instant motion and plaintiffs' piercing the corporate veil theory. For the reasons provided in this Memorandum Opinion and Order, GSSCCF's motion is granted.

## FACTS

Grease Stopper is a sole proprietorship owned by James McCrary. Grease Stopper manufactures and assembles the Pentagon Roof Top Defense System which allegedly infringes at least one claim of plaintiff's patent, U.S. Patent No. 5,196,040 ("the '040 patent"). Grease Stopper relies on contractors to install its products. It is undisputed for purposes of this motion that Grease Stopper is aware that local distributors are advertising and selling the systems to

customers in Chicago, Illinois. On Grease Stopper's website, Grease Stopper stated: (1) "Grease Stopper and its parent company have been dealing with greasy subjects for nearly two decades and finally have come to a solution to the roof top grease problem" and (2) "Our parent company was founded in October of 1980 and began with one small client and a pickup truck. Twenty years later and after many requests we decided to present the Grease Stopper to many of our clients." Great Southern Steam Cleaning, the predecessor to GSSCCF, was incorporated in 1980.

GSSCCF is incorporated in the state of Florida and is owned by Norman and Lillian McCrary. Norman and Lillian are James McCrary's parents. GSSCCF is in the business of cleaning kitchen exhaust systems and air conditioning systems and providing janitorial services for buildings. GSSCCF does not manufacture any products, including the accused Grease Stopper product. GSSCCF has sold the accused Grease Stopper product only to its customers in Florida. GSSCCF employs between eight and twelve employees depending on the season. James McCrary works full time for GSSCCF and is involved with sales, supervision of crews, and some training for GSSCCF. James McCrary is not an officer or owner of GSSCCF. GSSCCF has a verbal agreement with Grease Stopper that GSSCCF will sell Grease Stopper products to GSSCCF's customers in Florida.

Both Grease Stopper and GSSCCF conduct their principal places of business from the same address in Kissimmee, Florida, which also is the location of the seven thousand square foot residence of Norman and Lillian McCrary, James McCrary's parents. GSSCCF operates out of a fourteen by seventy foot room in the back of their residence. Also adjoined to that room via a horizontal trellis supported by posts is a three-room workshop out of which Jim McCrary

2

operates Grease Stopper. Grease Stopper does not pay rent to GSSCCF for the use of the workshop. Norm McCrary pays the homeowner's insurance on the workshop area. Grease Stopper and GSSCCF share a fax machine and a post office box and GSSCCF pays for the maintenance of both.

## **Discussion**

The plaintiff "has the burden of demonstrating the existence of personal jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In determining whether plaintiff has met his or her burden of establishing personal jurisdiction, the court may receive and consider affidavits from both parties. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 827 (N.D. Ill. 1999). The facts alleged in the pleadings and affidavits must be viewed by the court in the light most favorable to the plaintiff. *Haggerty Enters., Inc. v. Lipan Indus. Co., Ltd.*, No. 00 C 766, 2001 WL 968592, at *5 (N.D. Ill. Aug. 23, 2001). Plaintiff "is entitled to have any conflicts in the affidavits resolved in its favor." RAR, 107 F.3d at 1275. However, any facts offered by the defendant that plaintiff does not refute will be accepted as true. *Deere & Co. v. Howard Price Turf Equip., Inc.*, No. 99 C 4169, 1999 WL 1101215, at *2 (N.D. Ill. Dec. 1, 1999).

In a federal question case, to determine whether to exert personal jurisdiction over a particular defendant, the court must find that: (1) to do so "accords with due process principles;" and (2) the defendant "is amenable to process from the court." *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990). In federal question cases, the Seventh Circuit has "determined that due process requires only that each party have sufficient contacts with the United States as a

whole rather than any particular state or other geographic." *Id.* at 382. "A defendant has sufficient contacts with the United States if it 'resides or conducts business on American soil.'" *Arkansas Blue Cross & Blue Shield v. Philip Morris, Inc.*, No. 98 C 2612, 1999 WL 202928 (N.D. Ill. Mar. 31, 1999).

GSSCCF is a Florida corporation with its principal place of business in Kissimmee, Florida with customers located within Florida, South Carolina, and the U.S. Virgin Islands. Because GSSCCF conducts business on American soil, it has sufficient contacts with the United States. Therefore, due process principles are satisfied.

Next, "[t]o determine whether a defendant is amenable to process in a federal question case, a court looks to the applicable federal statute." *Id.* (citing Fed. R. Civ. P. 4(k)(1)(D)). The patent infringement statute does not authorize nationwide service of process. *See* 35 U.S.C. § 271 *et seq.*; *see also Deere & Co.*, 1999 WL 1101215, at *2. As a result, our determination "is reduced to the question of whether Illinois state courts could exert personal jurisdiction over Defendant." *Deere & Co.*, 1999 WL 1101215, at *2; *see Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997); *see also* FED. R. CIV. P. 4(k)(1)(A). "Three distinct obstacles to personal jurisdiction must generally be examined: 1) state statutory law, 2) state constitutional law, and 3) federal constitutional law." *RAR*, 107 F.3d at 1276. However, "[b]ecause the Illinois statute authorizes personal jurisdiction to the constitutional limits,[1] the three inquiries mentioned above collapse into two constitutional inquiries—one state and one federal." *Id.*

The Illinois long-arm statute provides for the exercise of jurisdiction over claims arising

---

[1] The Illinois long arm statute provides that an Illinois "court may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(c).

4

out of the defendant's transaction of any business within this State or commission of a tortious act in Illinois. 735 ILL. COMP. STAT. 5/2-209(a)(1), (2) (West 1992). That statute also provides that a court may exercise jurisdiction in any action against a "corporation doing business within this State." *Id.* 5/2-209(b)(4). "A corporation is considered to be 'doing business' when it engages in a 'regularity of activities in Illinois.'" *John Deere*, 1999 WL 1101215, *2 (quoting *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994)).

Plaintiffs do not argue that GSSCCF has been doing business in Illinois or that it transacted any business or committed any tort in Illinois. Instead, plaintiffs argue that sole proprietorship Grease Stopper's contacts with this forum can be imputed to purported corporate parent GSSCCF pursuant to the piercing the corporate veil doctrine. (Pls.' Suppl. Mem. Opp. Great Southern's Mot. Dismiss Lack Pers. Jurisdiction, at 1-2.)

"Under Illinois law, a corporation is a legal entity separate and distinct from its shareholders, directors and officers, and, generally, from other corporations with which it may be affiliated." *Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985). "Under Illinois law, separate corporate existence is the rule to which piercing the corporate veil is a stringently applied exception." *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc.*, 826 F.2d 725, 728 (7th Cir. 1987). To pierce the corporate veil under Illinois law, plaintiff must establish two elements: (1) "there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist"; *and* (2) "circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn*, 753 F.2d at 569 (quoting

*Macaluso v. Jenkins*, 420 N.E.2d 251, 255, 95 Ill. App. 3d 461, 464, 50 Ill. Dec. 934, 938 (2d Dist. 1981)) (emphasis added).

The Court begins with the second requirement because the record shows that it has not been met. Plaintiffs' sole argument in this regard is if this Court were to recognize GSSCCF as a separate entity from Grease Stopper and dismiss GSSCCF for lack of personal jurisdiction, it would leave Grease Stopper judgment proof because Grease Stopper has no assets aside from some nominal minor equipment. The Seventh Circuit rejected this argument in *Sea-Land Services, Inc. v. Pepper Source*, when it stated:

> The prospect of an unsatisfied judgment looms in every veil-piercing action; why else would a plaintiff bring such an action? Thus, if an unsatisfied judgment is enough for the 'promote injustice' feature of the test, then every plaintiff will pass on that score, and . . . [the two-part test] collapses into a one-step 'unity of interest and ownership' test. . . . [W]e cannot abide such a result . . . .

941 F.2d 519, 522-23 (7th Cir. 1991). The *Sea-Land* court continued:

> [C]ourts that properly have pierced corporate veils to avoid 'promoting injustice' have found that, unless it did so, some 'wrong' beyond a creditor's inability to collect would result: the common sense rules of adverse possession would be undermined; former partners would be permitted to skirt the legal rules concerning monetary obligations; a party would be unjustly enriched; a parent corporation that caused a sub's liabilities and its inability to pay for them would escape those liabilities; or an intentional scheme to squirrel assets into a liability-free corporation while heaping liabilities upon an asset free corporation would be successful.

*Id.* at 524.

There is a lack of support in the record to establish the kind of additional wrong required beyond plaintiff's inability to collect. There is a lack of evidence that Grease Stopper and GSSCCF have schemed to squirrel away assets into GSSCCF while heaping all liabilities upon

6

Grease Stopper. There is no unjust enrichment of one party in this case. Plaintiffs do not argue that GSSCCF caused Grease Stopper's liabilities and that Grease Stopper's inability to pay for them would allow it to escape those liabilities. That Grease Stopper appears to be financially dependent on GSSCCF[2] and has ties to GSSCCF does not establish that fraud is afoot. Otherwise, it would be the norm rather than the exception to pierce the corporate veil of a parent entity. Put simply, plaintiffs have not established as a matter of law that to recognize Grease Stopper and GSSCCF as separate entities would sanction fraud or promote injustice so that the stringently applied exception should apply.

Moreover, nothing prevented plaintiffs from suing Grease Stopper and GSSCCF in a federal district court in Florida, where there clearly would be no question of personal jurisdiction over GSSCCF. Accordingly, plaintiffs' predicament here–this Court's lack of personal jurisdiction over GSSCCF–may properly be laid at plaintiff's door.

Further, the Court's refusal to hale GSSCCF into Illinois complies with the precepts of due process. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court may only assert personal jurisdiction over a non-resident defendant that has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quotations omitted). How the "minimum contact" standard is applied differs depending on whether the plaintiff is asserting that the court has general or specific jurisdiction over the defendant. *RAR, Inc.*, 107 F.3d at 1277. Specific

---

[2]Plaintiffs have not established that GSSCCF exercised the degree of control over Grease Stopper (or its day-to-day activities) necessary to pierce the corporate veil. Further, the plaintiffs have not argued, and accordingly have waived the argument, that there exists any provision for sharing of overall profits or losses in order to impute Grease Stopper's conduct to GSSCCF on a joint venture theory.

7

jurisdiction requires that the suit arise out of or relate to the defendant's minimum contacts with the forum state. *Id.* General jurisdiction requires that the defendant have continuous and systematic contacts with the forum but the suit does not have to be related to or arise out of the defendant's contacts with the forum. *Id.*

Plaintiffs have not established that GSSCCF has minimum contacts, much less continuous and systematic contacts, with Illinois, and as discussed above, the conduct of Grease Stopper cannot be imputed to GSSCCF. Thus, GSSCCF's relation to Illinois is too attenuated, and the Court finds that GSSCCF did not purposefully avail itself of the privilege of conducting activities within Illinois. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987). Further, because the law does not require GSSCCF's corporate veil to be pierced, the balance of a variety of factors, including the forum state's interest, the burden on the defendant, the plaintiff's interest in obtaining relief, and the interstate judicial system's interest tips decidedly in favor of dismissing GSSCCF for lack of personal jurisdiction. *See id.* at 113. Accordingly, the Court's exercise of personal jurisdiction over GSSCCF would not comport with either the Due Process Clause of the Illinois Constitution or the U.S. Constitution.

## CONCLUSION

For the forgoing reasons, the Court grants Great Southern Steam Cleaning of Central Florida, Inc.'s motion to dismiss for lack of personal jurisdiction [doc. no. 9-1] and hereby terminates it as a party in this case.

**SO ORDERED**  ENTERED: 2/12/02

HON. RONALD A. GUZMAN
**United States Judge**